# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CONNIE LENDT,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>    Defendant. | No. C18-4080-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. Doc. No. 18. Judge Mahoney recommends that I affirm the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Connie Lendt's application for disability insurance (DIB) benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401, et. seq., and for supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, et. seq. Lendt filed timely objections (Doc. No. 19) to the R&R. The Commissioner has not responded.

## II.    APPLICABLE STANDARDS

### A.    *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), he has been substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citation omitted), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence

differently." *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*,

333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Lendt applied for DIB on November 4, 2014, and SSI on April 16, 2015, alleging an onset date of December 1, 2012, due to anxiety, depression, bipolar disorder, schizoaffective disorder and chronic back pain.[2] AR 23, 26, 119. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found Lendt was capable of performing past relevant work that does not require activities precluded by her residual functional capacity (RFC) and there were other jobs existing in significant numbers in the national economy that Lendt could also perform. AR 34–36. Lendt argued that the ALJ erred in determining she was not disabled because (1) he did not give good reasons for failing to fully credit Lendt's subjective complaints and the opinion of her treating physician, (2) some medical evidence does not support the ALJ's RFC and (3) the hypothetical the ALJ gave to the vocational expert (VE) did not reflect all of Lendt's limitations. Judge Mahoney addressed each argument in her R&R.

With respect to the weight of Lendt's subjective complaints, Judge Mahoney found that the ALJ "set forth several reasons for discounting Lendt's subjective complaints" such as inconsistency with activities of daily living and treatment records showing medical findings that did not support the alleged limitations. Doc. No. 18 at 6–8. Judge

---

[2] The ALJ found that Lendt suffered from the following severe impairments: anxiety, depression, bipolar disorder and obesity. AR 26.

4

Mahoney found that substantial evidence supports the ALJ's finding that Lendt's subjective complaints regarding intensity, persistence and limiting effects of her symptoms were inconsistent with the record. *Id.* at 9. She also concluded that the ALJ "could find that the treatment records as a whole support that most of the time, Lendt was not as limited as she claimed" even if she had some bad days, and detailed Lendt's lengthy medical history. *Id.* at 9–10. Judge Mahoney stated that even though treatment records show Lendt has a history of reporting back pain, the records support the ALJ's decision to discount her complaints of chronic pain. *Id.* at 11. Ultimately, Judge Mahoney found that the ALJ gave good reasons supported by substantial evidence to discount some of Lendt's subjective complaints. *Id.*

Next Judge Mahoney addressed the weight the ALJ gave the treating physician's medical opinion in the record. Judge Mahoney found that the ALJ did not err in attributing little weight to the opinion of treating psychiatrist, Dr. Nesrin Abu Ata. *Id.* at 13. Judge Mahoney stated that Dr. Abu Ata's letter "did not list Lendt's diagnoses, evaluate her limitations, or provide any other evaluation of her RFC" and was imprecise and vague. *Id.* at 12. Judge Mahoney concluded that the ALJ properly rejected Dr. Abu Ata's conclusory statement that Lendt was disabled because that is a determination reserved for the Commissioner and "did not reflect judgments about the nature and severity of Lendt's impairments; address Lendt's symptoms, diagnoses and prognosis; examine what Lendt can still do despite her impairments; or address her physical or mental restrictions." *Id.* at 13.

Judge Mahoney also addressed whether the ALJ's RFC was supported by some medical evidence. She explained that the ALJ considered the opinions of state agency consultants Scott Shafer, Ph.D., Philip Laughlin, Ph.D., John May, M.D., and Jan Hunter, D.O., and reviewed those opinions in regard to Lendt's mental and physical limitations. *Id.* at 14. Judge Mahoney concluded that "[t]he ALJ's RFC determination is consistent with the opinions of the state agency consultants except in the instances when the ALJ imposed *greater restrictions* on Lendt's mental and physical RFC. It does not

5

matter that the ALJ assigned the state agency consultants' opinions only 'some weight,' since he incorporated virtually all of their found limitations." *Id.* at 15 (emphasis in original). Ultimately, she found that the ALJ provided some medical evidence supporting the RFC through agency RFC opinions and a review of the entire record. *Id.*

Finally, Judge Mahoney addressed the VE hypothetical. She found that the restrictions posed to the VE mirrored the limitations in the ALJ's RFC, which were supported by some medical evidence. Therefore, Judge Mahoney found that the ALJ did not err in formulating the hypothetical. *Id.* at 16–17.

### IV. ANALYSIS

In objecting to the R&R, Lendt argues that Judge Mahoney[3] erred by (1) not giving Dr. Abu Ata's opinion substantial weight and (2) finding the RFC was supported by medical evidence. Doc. No. 19 at 5, 7–8. Lendt contends that because Dr. Abu Ata's opinion was not given the proper weight, the ALJ's hypothetical was defective. *Id.* at 4, 8, 10.[4] Additionally, Lendt argues that if Dr. Abu Ata's opinion was given its proper weight then her subjective complaints would be found credible. *Id.* at 4.

#### A. *Medical Opinions*

A treating physician's opinion is entitled to substantial weight, but the Commissioner may discount or disregard the opinion if other medical assessments are

---

[3] Plaintiff's counsel repeatedly refers to Judge Mahoney as "the magistrate." Since 1990 the position Judge Mahoney holds has had the title of "Magistrate Judge." *See* Judicial Improvements Act of 1990, 104 Stat. 5089 (Dec. 1, 1990).

[4] Lendt's objections are confusing. At one point, Lendt's main objection is that the R&R erred by rejecting the opinion of "Dr. Lukken," who is not a physician in this case. Doc. No. 19 at 4. Lendt also dedicates only one sentence to the weight given to Erika Worrel's opinion (Doc. No. 19 at 5) but does not challenge Judge Mahoney's finding that Worrell is not an acceptable medical source whose opinion is entitled to controlling weight and that Lendt did not challenge the ALJ's decision to give Worrell's opinion little weight. Doc. No. 18 at 13. Therefore, I need only address the arguments regarding Dr. Abu Ata.

6

supported by more thorough or better evidence. *Fentress v. Berryhill*, 854 F.3d 1016 (8th Cir. 2017). When medical evidence in the record as a whole contradicts the treating physician's opinion, that opinion is also afforded less deference. *Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999). The opinion may be given limited weight if it is conclusory or inconsistent with the record. *Julin v. Colvin*, 826 F.3d 1082, 1088 (8th Cir. 2016). A treating physician's statements may also be discounted when they are inconsistent with the overall assessment of that physician or opinions of other physicians. *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011). Further, the ALJ may discount the opinion if it is inconsistent with the physician's own clinical treatment notes. *Davidson v. Astrue*, 578 F.3d 838, 843 (8th Cir. 2009). The ALJ must give good reasons for the weight given to the opinion. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000); *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000). A treating physician's claim that the claimant is disabled or unable to work "does not carry any special significance." *Davidson*, 578 F.3d at 842.

Dr. Abu Ata's entire opinion stated: "Connie Lendt is currently under this physician's care. I feel she is disabled and not able to work at this time." AR 2162. This opinion did not provide any actual insight into Lendt's condition or limitations. The ALJ gave little weight to Dr. Abu Ata's opinion because (1) the question of whether an individual is disabled is a question reserved for the Commissioner and (2) the opinion "is somewhat imprecise and vague, and lacks details by failing to provide a function-by-function evaluation of her limitations." AR 33.

"A treating physician's opinion that a claimant is disabled or cannot be gainfully employed gets no deference because it invades the province of the Commissioner." *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007); *see also Julin*, 826 F.3d at 1088 (finding that the ALJ's failure to give controlling weight to a treating physician's opinion that the claimant was unable to work full time was proper when the opinion was conclusory and "strayed beyond medical issues to a legal opinion on the application of the social security statute"); *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010)

(finding a treating physician's opinion that is conclusory, does not cite medical evidence and does not elaborate is properly discounted). Dr. Abu Ata's opinion was both conclusory and invaded the province of the Commissioner. It did not elaborate at all on her limitations. Due to the conclusory nature of the two-sentence opinion and the fact that it opined on an issue reserved for the Commissioner, I find that the ALJ did not err in giving the opinion little weight. Lendt concedes that if the weight the ALJ gave to Dr. Abu Ata's opinion was proper, then there is no error in the VE's hypothetical. Doc. No. 19 at 4, 8. Because I find there is no error, I need not address the hypothetical.

### B. *Medical Evidence*

Lendt briefly argues that the ALJ's decision was not supported by any medical evidence and that the claimant's personal activities do not constitute substantial medical evidence that she has the ability to engage in substantial gainful activity. Doc. No. 19 at 5. It is clear the ALJ relied on more than just Lendt's daily activities. He detailed Lendt's treatment notes from Mercy Medical Center and the Siouxland Mental Health Center, as well as various other hospital records and treatment notes. AR 30–32. The records include medical checks indicating that her symptoms improve with medication (AR 716, 717, 726, 729, 732, 739, 741, 742, 750, 276) and pain management records that indicate complaints of pain (AR 924, 1324, 1357, 1459) but that she ambulates with a normal gait (AR 1324) and noticed some improvement with pain on medications and injections (AR 1357, 1449, 1607).

Other treatment notes indicate that Lendt was generally cooperative and maintained good eye contact in appointments, had no abnormalities in motor activity and had fair judgment and insight. AR 2166, 2174, 2200, 2203, 2208, 2226, 2237, 2256, 2712. Sometimes she had slowed motor activity. AR 2201, 2231, 2242, 2256, 2280, 2291, 2306, 2319, 2325. Treatment notes sometimes indicated that she was showing gradual improvement in anxiety and depression. AR 2226, 2228, 2244, 2252, 2282, 2291, 2303, 2343. Her hallucinations generally could be controlled or ignored. AR

2168, 2208, 2237, 2280. Sometimes her anxiety and depression worsened. AR 2217, 2231, 2239, 2252, 2281, 2300, 2325. State agency consultants noted a history of back pain, but not back impairment, and listed RFC limitations of occasional lifting and carrying of 50 pounds, frequent lifting and carrying of 25 pounds and the ability to stand, work and sit about 6 hours of an 8-hour workday. AR 112–118. Ultimately, the ALJ found Lendt was more limited than what the state agency consultants opined due to more recent medical evidence. AR 33.

A court must affirm the Commissioner's decision when it is supported by substantial evidence in the record as a whole. *Wright v. Colvin*, 789 F.3d 847, 853 (8th Cir. 2015). When reviewing the ALJ's decision, the court must take into account evidence that both supports the decision and detracts from it. *Kluesner v. Astrue*, 607, F.3d 533, 536 (8th Cir. 2010). The substantial evidence standard allows for drawing two inconsistent conclusions. *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994). Here, there is medical evidence in the record that both supports and detracts from the ALJ's decision. The Commissioner's decision cannot be reversed simply because the evidence might also support a contrary outcome. *Haggard*, 175 F.3d at 594. On balance, and to the extent Lendt is making a substantial evidence argument, I find there is substantial medical evidence on the record as a whole to support the ALJ's decision.

## V. CONCLUSIONS

For the reasons set forth herein:

1. Plaintiff's objections (Doc. No. 19) to the Report and Recommendation (Doc. No. 18) are **overruled**

2. I **accept** the Report and Recommendation without modification. *See* 28 U.S.C. § 636(b)(1).

3. Pursuant to Judge Mahoney's recommendation:

    a. The Commissioner's determination that Lendt was not disabled is **affirmed**; and

b. Judgment shall enter against plaintiff and in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 27th day of August, 2019.

_____
Leonard T. Strand, Chief Judge